O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6738- AHM (Ex) | Date | May 29, 2009 |
|---|---|---|---|
| Title | GUST MARION JANIS V. UNITED STATES OF AMERICA | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

In this Court's August 22, 2007 Order, the Court denied Defendant's motion to dismiss Plaintiff Janis's Federal Tort Claims Act ("FTCA") claim because Plaintiff had established a basis for equitable tolling. This Court stated that the Ninth Circuit has recognized that equitable tolling is available for FTCA claims and relied on *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996).

On May 8, 2008, however, the Ninth Circuit held in *Marley v. United States* that the FTCA's statute of limitations provision, 28 U.S.C. § 2401(b), is jurisdictional, meaning that equitable tolling is impermissible. 548 F.3d at 1287. *Marley* expressly overruled *Alvarez-Machain*. *Id.* at 1292. Citing *Marley*, Defendant has now moved to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

On September 13, 2005, more than six months after the Federal Bureau of Prisons mailed notice of its final denial of Plaintiff's administrative claim, Plaintiff filed this lawsuit in federal court. Thus, the statute of limitations had expired. Although Plaintiff argues that *Marley* is limited to its facts, at least one Ninth Circuit case, *North American Broadcasting v. United States*, No. 07-56299, 2008 WL 5427967 (9th Cir. Dec. 31, 2008), has expressly applied *Marley* to find equitable tolling impermissible under 28 U.S.C. § 2401(b). The other two cases cited by Plaintiff as examples of equitable tolling are *habeas corpus* cases and thus inapposite.

Because the Ninth Circuit held in *Marley* that equitable tolling is not permissible under 28 U.S.C. § 2401(b), and because Plaintiff filed his claim after the statute of limitations had run, this Court must dismiss Plaintiff's claim. It therefore GRANTS

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6738- AHM (Ex) | Date | May 29, 2009 |
|---|---|---|---|
| Title | GUST MARION JANIS V. UNITED STATES OF AMERICA | | |

Defendant's motion.[1]  Defendant shall lodge a proposed judgment by June 5, 2009.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[1] Docket No. 123